UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-21175-CIV-KING

IVFMD FLORIDA, INC.,

    Plaintiff,

vs.

ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon Defendant ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY's ("Allied") Motion for Summary Judgment and Incorporated Memorandum of Law (DE 7), filed May 2, 2016.[1] Plaintiff IVFMD FLORIDA, INC. ("IVFMD") has failed to file any response to the motion, and the time to do so has passed.

### BACKGROUND

Based on Plaintiff's failure to comply with Rule 56 of the Federal Rules of Civil Procedure, Plaintiff's failure to comply with Rule 56.1 of the Local Rules for the Southern District of Florida, and a review of the facts and evidence listed in Defendant's motion for summary judgment and statement of material facts, the following material facts are undisputed:

---

[1] The Court has additionally considered Defendant's Statement of Material Facts (DE 8), filed May 2, 2016, and Defendant's Notice of Filing Exhibits in Support of Statement of material Facts (DE 9), filed June 21, 2016.

Allied is a corporation organized under the laws of Iowa, with its principal place of business in Iowa, and Allied is authorized to do business in Florida. IVFMD is a Florida corporation with its principal place of business in Florida.

On or about September 15, 2013, Allied issued an insurance policy to IVFMD. During the policy period, IVFMD suffered a loss for which it sought coverage under the policy. On May 13, 2014, Allied denied coverage under the policy. On December 12, 2014, IVFMD filed suit against allied in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County Florida for breach of contract, based upon Allied's denial of coverage.

IVFMD's Complaint (DE 1-2) in the above-styled action alleges a claim for breach of contract, based upon Allied's failure to defend and indemnify IVFMD in an underlying countersuit for declaratory judgment filed by a Texas corporation against which IVFMD had previously filed claims for trademark infringement, dilution, and related causes of action. Allied removed the instant action from Florida circuit court to this Court on the basis of diversity of citizenship of the parties and an amount-in-controversy in excess of $75,000.[2]

Allied now seeks summary judgment on IVFMD's Complaint, arguing that the policy at issue does not afford coverage for the loss suffered by IVFMD. The terms of the policy are not in dispute. The policy covers "bodily injury," "personal injury," and "personal or advertising injury" based on an "occurrence." The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

---

[2] The citizenship of the parties is not in dispute, and IVFMD admitted that it is seeking in excess of $75,000 in this suit against Allied. *See* DE 1-6.

2

## LEGAL STANDARD

"Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fat and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy[,] and inexpensive determination of every action." *Pace v. Capobianco*, 283 F.3d 1275, 1284 (11th Cir. 2002). Summary judgment is appropriate unless there is a genuine issue of fact for trial. *Agee v. Porter*, 216 F. App'x 837, 840 (11th Cir. 2007). "For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). In opposing a motion for summary judgment, the nonmoving party "must show specific facts to support that there is a genuine dispute." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party may not rely on the pleadings, but rather must demonstrate a genuine issue for trial through affidavits, depositions, interrogatory answers, and admissions. *Celotex*, 477 U.S. 323-24. The existence of a "mere scintilla" of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the finder of fact could reasonably find for the moving party. *Nat'l Cas. Co. v. Pickens*, 582 F. App'x 839, 840-41 (11th Cir. 2014) (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)).

## DISCUSSION

Given Plaintiff's failure to comply with Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules for the Southern District of Florida, and a review of Defendant's statement of material facts, which the undersigned finds to be supported by

the evidence, the undersigned considers Defendant's material facts to be undisputed. *See* Fed. R. Civ. P. 56(e)(2); S.D. Fla. L.R. 56.1(b). Moreover, the undersigned finds persuasive and adopts Defendant's legal arguments in support of its motion for summary judgment, which stand unrebutted by Plaintiff. In its one-count Complaint for breach of contract, Plaintiff alleges that Defendant is in breach of an insurance policy issued by Defendant to Plaintiff. Plaintiff claims that Defendant wrongfully denied Plaintiff a defense and indemnity for an action filed against Plaintiff. However, the action for which Plaintiff sought defense and indemnity was a countersuit for declaration of non-infringement of trademark filed against Plaintiff in response to an action initiated by Plaintiff for trademark infringement, dilution, and other related causes of action. *See* DE 8 at ¶¶ 11-14; DE 1-4. The policy under which Plaintiff seeks coverage plainly does not afford coverage under these circumstances. *See* DE 8 at ¶ 16. Therefore, summary judgment shall be entered in favor of Defendant Allied and against Plaintiff IVFMD.

## CONCLUSION

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Defendant ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY's Motion for Summary Judgment and Incorporated Memorandum of Law **(DE 7)** be, and the same is, hereby **GRANTED**. By separate Order, the Court shall enter Final Judgment on behalf of Defendant and against Plaintiff.

**DONE AND ORDERED** in Chambers at the Sidney M. Aronovitz United States Courthouse, Key West, Florida, this 22nd day of June, 2016.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc:** **All counsel of record**